United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   REMAX, LLC,                                  No. C 13-02625 SI

12              Plaintiff,                         **ORDER GRANTING PLAINTIFF'S**
                                                   **MOTION FOR ATTORNEYS' FEES**
13        v.

14   MIN LE, *et al.*,

15              Defendants.
     _____/
16

17        Plaintiff's motion for attorneys' fees  is scheduled for a hearing on January 17, 2014.  Although

18   defendants were served with the motion, defendants did not file an opposition.  Pursuant to Civil Local

19   Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument,

20   and VACATES the hearing.  For the reasons set forth below, the Court GRANTS plaintiff's motion.

21

22                            **BACKGROUND**

23        On June 7, 2013, plaintiff RE/MAX filed this case against defendants Min Le and AMAX Realty

24   alleging trademark infringement and unfair competition under federal and California law, and for unjust

25   enrichment under California law. Defendant Le is a real estate broker with AMAX and the registered

26   agent for AMAX.  Defendants failed to answer the complaint and, upon application by RE/MAX, the

27   Clerk of the Court entered default against defendants on August 14, 2013.   On September 4, 2013,

28   RE/MAX filed a motion for default judgment and for a permanent injunction. Defendants did not oppose

United States District Court
For the Northern District of California

the motion, although defendant Le appeared at the November 8, 2013 hearing.  At that time, the Court explained to defendant that he was in default, that the Court would be granting plaintiff's motion for a default judgment and injunctive relief, and that plaintiff intended to file a motion for fees.  Docket No. 35-1 at 12-13 (transcript of November 8, 2013 hearing).  In an order filed November 8, 2013, the Court granted plaintiff's motion for default judgment and made a "finding that Defendants have willfully infringed RE/MAX valuable trademark rights."  Docket No. 30 at 1.

On November 22, 2103, plaintiff filed a motion for attorneys' fees seeking $19,286 for work litigating this case.  Plaintiff's fee application does not seek fees incurred in preparing the fee motion.  Prior to filing the motion, plaintiff's counsel attempted to meet and confer with defendants regarding the request for fees, but received no response to multiple voice messages and e-mails.  Anderson Decl. ¶ 19 (Docket No. 35-2).  Defendants Le and AMAX were served with the fee motion,[1] and defendants have not opposed the motion, nor have they filed a motion to set aside the default.

## DISCUSSION

A prevailing party may seek an award of reasonable attorneys' fees in "exceptional cases" of trademark infringement.  15 U.S.C. § 1117(a).  "While the term 'exceptional' is not defined in the statute, attorneys' fees are available in infringement cases where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002).  In such cases, the Court has discretion to award reasonable attorneys' fees to the prevailing party.  *Id*.

Here, RE/MAX has alleged, and the Court has found, that defendants' actions were willful.  *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (holding that upon entry of default judgment, the factual allegations of the complaint are deemed true).  Indeed, at the November 8, 2013 hearing, defendant Le stated that "RE/MAX and [defendants' infringing mark of] AMAX is similar and confusing," but he stated that when counsel for RE/MAX asked him to change the AMAX Realty name, he refused because he did not want to be responsible for the $10,000 in attorneys' fees

---

[1]  Defendant Le is also registered on the Court's ECF system to receive notices of electronic filings.

incurred as of that time. *See* Docket No. 35-1 at 5:17-18, 9:10-14. The Court finds that defendants' actions forced RE/MAX to incur even greater attorneys' fees in pursuing and obtaining default judgment, and that defendants should be responsible for those fees. *See Rio Props*., 284 F.3d at 1023 (holding default judgment that included finding of willful infringement justified award of attorneys' fees for trademark infringement).

In *Intel Corp. v. Terabyte Int'l, Inc*., 6 F.3d 614 (9th Cir.1993), the Ninth Circuit set forth the steps a district court should follow in determining the amount of a fee award under the Lanham Act:

> When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. Next, in appropriate cases, the district court may adjust the "presumptively reasonable" lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 69-70 (9th Cir. 1975), that have not been subsumed in the lodestar calculation.

*Id*. at 622 (internal citation omitted). The factors set forth in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 69-70 (9th Cir. 1975), are "intended to provide district courts with guidance in making the determination of the number of hours reasonably expended on litigation and reasonable hourly rate." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The *Kerr* factors are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skills requisite to perform the legal service; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstance; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

526 F.2d at 69-70.

In support of its fee motion, plaintiff has submitted a copy of counsel's detailed billing records, a declaration of lead counsel describing the work that was performed in this case as well as the qualifications of plaintiff's counsel, and documentation in support of the hourly rates sought (ranging from $210/hour to $415/hour). The Court has reviewed these materials and finds that the time spent preparing the complaint and associated initial filing documents, serving defendants (who evaded service), attempting to settle this case, and preparing the motion for default judgment and attending the hearing were reasonable and necessary to litigating this case. The Court further finds that there is no need to adjust the lodestar based on the *Kerr* factors. The Court notes that counsel have exercised billing judgment and excluded certain time, and it appears that this was in an effort to account for any

**United States District Court**
For the Northern District of California

duplication of work between local counsel and Colorado counsel. The Court also finds that the hourly rates are reasonable and in line with rates charged by firms in California and Colorado.

Accordingly, the Court GRANTS plaintiff's motion for attorneys' fees and ORDERS defendants to pay plaintiff $19,286.00 in fees.

**IT IS SO ORDERED.**

Dated: January 13, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

4